# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EVE WEXLER, individually and on behalf of a class, ) ) ) Plaintiff, ) ) v. ) ) SIMMONS BANK, ) ) Defendant. ) ) ) | Civil Action No. 1:22-cv-02741-AT-CMS |

**CONSENT MOTION FOR STAY OF LITIGATION DUE TO SETTLEMENT DISCUSSIONS OR, IN THE ALTERNATIVE, FOR 28-DAY EXTENSION OF TIME FOR DEFENDANT SIMMONS BANK TO <u>RESPOND TO THE COMPLAINT</u>**

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), the Parties, Defendant Simmons Bank ("Simmons" or "Defendant") and Plaintiff Eve O. Wexler ("Wexler" or "Plaintiff"), jointly request a stay of these proceedings due to ongoing settlement discussions. For the reasons set forth below, a stay is warranted. If the Court grants the stay request, the Parties would update the Court on the status of settlement discussions within thirty (30) days.

In the alternative, if the Court is not willing to grant the stay request, Simmons respectfully requests an additional 28-day extension of time, through and including

Wednesday, December 16, 2022, to file an answer, motion or other responsive pleading in this action.

In support of this Consent Motion, the Parties state as follows:

1.      Wexler filed her putative Class Action Complaint ("Complaint") in this action on July 12, 2022. (Doc. 1.)

2.      The Complaint contains complex allegations regarding the ownership and servicing of Plaintiff's Home Equity Line of Credit. (Doc. 1 at ¶¶ 3 – 20.) The Complaint purports to allege wrongdoing on behalf of two presumably nationwide classes of "borrowers," which she alleges contains "at least hundreds of class members" each.[1] (*Id*. at ¶¶ 49 - 52.)

3.      Simmons previously received several initial extensions through November 16, 2022 to file an answer, motion or other responsive pleading. (Doc. 6, 8, 10, 12.)

4.      At the time of the last extension request, Simmons had been attempting to obtain information from a third party concerning Plaintiff's allegations to

---

[1] Simmons does not admit that any of the allegations are correct and reserves its right to assert all available defenses to Plaintiff's claims, including the purported putative class claims and all jurisdictional-based defenses.

facilitate a potential resolution. Simmons has received that information, and the parties are now discussing whether a settlement is possible.

5. As a result of these ongoing settlement discussions, the Parties respectfully request that the Court stay this litigation.

6. This Court's analysis of the requested "stay . . . is discretionary. Courts have the inherent power to control their own dockets, including the power to stay proceedings. [cit.] The question here is thus: will the benefits provided by staying the litigation outweigh the potential drawbacks? When deciding whether to grant a stay, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date h[a]s been set." *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008).

7. Applying these factors, the Parties' requested stay is warranted. As to the first factor, the requested stay is sought jointly by the Parties, so no party will be unduly prejudiced or placed at a disadvantage by the requested stay. Turning to the second factor, if the settlement is finalized and approved, that would resolve this litigation, which would not only simplify and streamline the issues in the case, but eliminate any additional proceedings altogether. *See Chico v. Dunbar Armored, Inc.*,

No. 17-22701-CIV, 2017 WL 4476334, at *2 (S.D. Fla. Oct. 6, 2017) ("one of the circumstances that have sometimes satisfied the aforementioned factors is the possibility of avoiding unnecessary expenses while the parties engage in mediation or settlement discussions that might conserve the parties' resources and promote judicial economy"). The third factor also favors a stay as well. Incurring litigation costs while the Parties simultaneously discuss a potential settlement would place an undue burden on both the Parties and the Court. Moreover, the requested stay promotes the interests of non-parties and the public by conserving judicial resources and promoting judicial economy. Accordingly, all relevant factors favor the requested stay.

8. For the reasons stated above, the Parties respectfully request that the Court stay the existing case deadlines. The Parties propose that they update the Court with an update on the status of their settlement agreement within thirty (30) days.

9. In the alternative to a stay, Simmons would respectfully request an additional twenty-eight (28) days to discuss a potential resolution of the litigation with Plaintiff's counsel, evaluate jurisdictional issues, and prepare the appropriate filings.

10. Simmons's counsel talked to Plaintiff's counsel on November 15, 2022, and Plaintiff's Counsel indicated that she consents to this Motion.

- 4 -

WHEREFORE, the Parties respectfully request a stay of the litigation to facilitate ongoing settlement discussions. The Parties would update the court on the progress of settlement within thirty (30) days. In the alternative, if the Court determines that a stay is not appropriate, Defendant Simmons Bank respectfully requests an additional 28-day extension of time through and including December 16, 2022 to answer, move, plead, object, or otherwise respond to Plaintiff's Complaint. A proposed order is attached for the Court's convenience.

Respectfully submitted this 16th day of November, 2022.

| | |
|---|---|
| *Consented to by:* | **PARKER, HUDSON, RAINER & DOBBS, LLP** |
| */s/ M. Muffy Blue* <br> M. Muffy Blue <br> Georgia Bar No. 064419 <br> 2455 Woodridge Dr. <br> Decatur, Georgia 30033 <br> (404) 918-7476 <br> online.muffyblue@gmail.com | */s/ Scott E. Zweigel* <br> William J. Holley, II <br> Georgia Bar No. 362310 <br> Scott E. Zweigel <br> Georgia Bar No. 786616 <br> 303 Peachtree St., N.E. <br> Suite 3600 <br> Atlanta, Georgia 30308 <br> (404) 523-5300 <br> wjh@phrd.com; sez@phrd.com |
| | *Local Counsel for Defendant Simmons Bank* |
| | **MAYER BROWN LLP** <br> Debra Bogo-Ernst <br> Application for admission *pro hac vice* to be filed <br> 71 S. Wacker Drive |

Chicago, Illinois 60606
(312) 701-7403
dernst@mayerbrown.com

*Lead Counsel for Defendant Simmons Bank*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **CONSENT MOTION FOR STAY OF LITIGATION DUE TO SETTLEMENT DISCUSSIONS OR, IN THE ALTERNATIVE, FOR 28-DAY EXTENSION OF TIME FOR DEFENDANT SIMMONS BANK TO RESPOND TO THE COMPLAINT** using the Court's CM/ECF system, which will send electronic notification of such filing to all counsel of record.

This 16th day of November, 2022.

*/s/ Scott E. Zweigel*
Scott E. Zweigel

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EVE WEXLER, individually and on behalf of a class, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIMMONS BANK, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>1:22-cv-02741-AT-CMS |

## [PROPOSED] ORDER GRANTING CONSENT MOTION FOR STAY OF LITIGATION DUE TO SETTLEMENT DISCUSSIONS [OR, IN THE ALTERNATIVE, FOR 28-DAY EXTENSION OF TIME FOR DEFENDANT SIMMONS BANK TO RESPOND TO THE COMPLAINT]

THIS MATTER having come before the Court upon the Consent Motion for Stay of Litigation Due to Settlement Discussions Or, in the Alternative, for 28-Day Extension of Time for Defendant Simmons Bank to Respond to the Complaint, and the Court having considered the same, and for good cause shown;

IT IS HEREBY ORDERED that the Consent Motion for Stay of Litigation Due to Settlement Discussions Or, in the Alternative, for 28-Day Extension of Time for Defendant Simmons Bank to Respond to the Complaint is GRANTED in that the litigation is stayed due to settlement discussions. The Parties shall provide an update

to the Court within thirty (30) days on the status of settlement discussions. [OR: Defendant Simmons Bank shall have up to and including December 16, 2022 to answer, move, plead, object, or otherwise respond to Plaintiff's Complaint].

SO ORDERED, this ___ day of November, 2022.

_____
The Honorable Catherine M. Salinas
United States Magistrate Judge

Proposed by:

**PARKER, HUDSON, RAINER & DOBBS, LLP**
William J. Holley, II
Georgia Bar No. 362310
Scott E. Zweigel
Georgia Bar No. 786616
303 Peachtree St., N.E.
Suite 3600
Atlanta, Georgia 30308
(404) 523-5300
sez@phrd.com

*Local Counsel for Defendant Simmons Bank*

*Consented to by:*

*/s/ M. Muffy Blue*
M. Muffy Blue
Georgia Bar No. 064419
2455 Woodridge Dr.
Decatur, Georgia 30033
(404) 918-7476
online.muffyblue@gmail.com